# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## DONALD CLARK v. STATE OF TENNESSEE, JENNIE JOBE, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 4033   Monte Watkins, Judge**

---

**No. M2012-01532-CCA-R3-HC - Filed December 12, 2012**

---

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Petitioner, Donald Clark, has appealed the Davidson County Circuit Court order dismissing his second petition for writ of habeas corpus in which Petitioner alleged that: (1) he received ineffective assistance of counsel at trial; (2) his indictments were "faulty"; and (3) he was illegally arrested.  Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the motion for new trial as duplicitous and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ. joined.

Donald Clark, Pro Se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General & Reporter, and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner was convicted of especially aggravated robbery by a Shelby County Jury. He was sentenced to twenty-seven years as a violent offender.  On appeal, this Court affirmed the conviction and sentence.  *State v. Donald Clark*, W2001-01549-CCA-R3-CD,

2003 WL 21339272, at *1 (Tenn. Crim. App., at Jackson, May 15, 2003), *perm. app. denied* (Tenn. Oct. 27, 2003).

Petitioner then sought post-conviction relief. The denial of post-conviction relief was affirmed on appeal. *See Donald Clark v. State*, No. W2006-00642-CCA-R3-PC, 2007 WL 1215024, at *1 (Tenn. Crim. App., at Jackson, Apr. 25, 2007), *perm. app. denied*, (Tenn. Aug. 20, 2007).

Subsequently, Petitioner filed his first pro se petition for habeas corpus relief alleging that his conviction was the result of an illegal search and seizure, and that he received ineffective assistance of trial counsel. The petition was summarily dismissed by the trial court. The dismissal was affirmed on appeal. *Donald Clark v. State*, No. M2009-02088-R3-HC, 2010 WL 2432083, at *1 (Tenn. Crim. App., at Nashville, Jun. 17, 2010), *perm. app. denied*, (Tenn. Aug. 25, 2010), *mot. to reconsider denied*, (Tenn. Sept. 7, 2010).

Petitioner filed a "Successive Application" for habeas corpus relief on December 21, 2010. In the petition, he alleged that he is being illegally restrained because his indictments are "fatally flawed," that his grounds for relief were waived due to ineffective assistance of counsel, and that he was subject to an illegal arrest. The habeas corpus court denied the petition on the basis that it raised the "same allegations which were heard by this Court and previously denied." The habeas corpus court found that Petitioner failed to establish that his judgment was void or illegal and denied the petition for relief. Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner complains that his petition was improperly dismissed without a hearing or appointment of counsel. Specifically, Petitioner alleges that it is "clear" from the face of the record that his conviction and sentence are illegal because the "indictments are fatally flawed on their face." Petitioner explains that one of the main witnesses listed on the indictment was "never shown to actually exist" and one of the victims listed on the indictment for aggravated robbery was "not listed as a victim on the police arrest report." Petitioner also complains that the warrantless arrest was flawed and that he was illegally detained for forty-eight hours prior to being charged with a crime.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T .C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, *see Haggard v. State*, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). An indictment meets constitutional requirements if it provides sufficient information: (1) to enable the accused to know the accusation to which an answer is required; (2) to furnish the court an adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language "in a manner so as to enable a person of common understanding to know what is intended." T.C.A. § 40-13-202.

In the case herein, the habeas corpus court chose to deny relief on the basis that Petitioner failed to establish that his judgment is void or illegal. We agree. Petitioner's claim that his indictments are somehow fatally flawed is not accompanied by explanation or support, other than the inclusion of documents from his initial habeas corpus petition. Petitioner explains his argument with respect to the validity of the indictments for the first time on appeal, as noted above. These blanket complaints, without more, do not establish that his judgment is void or illegal. Further, a review of the indictments indicates that they meet constitutional requirements. As to Petitioner's additional allegations of ineffective assistance of counsel and illegal arrest, we remind Petitioner that these issues have been previously determined by this Court. The "law of the case" doctrine provides that "issues

previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited." *State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000) (citing *Memphis Publ'g Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998)). Petitioner is not entitled to relief.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the post-conviction court.

_____
JERRY L. SMITH, JUDGE